JOHN DARROW, Respondent, *v.* MARIA L. MORGAN, Appellant, · DANIEL L. NOYES et al., Respondents.

*It seems* that the provision of the mechanic's lien law for New York city of 1863 (§ 4, chap. 500, Laws of 1863), providing that any person having filed a lien may, " in ten days thereafter," institute a proceeding to enforce or foreclose it, does not require, but prohibits, the commencement of a proceeding within ten days.

Where the claim, to secure which the notice of lien is filed, is for materials furnished to a contractor with the owner, it should be so stated in the notice, but the defect is not a fatal one; and where the complaint in a proceeding to foreclose the lien contains all the necessary allegations and the parties go to trial, the defect may be disregarded or the proceeding amended.   (§§ 2, 5.)

Under the provision of said act, providing for the continuance of a lien " by order of court," the order of any court having jurisdiction of such liens is sufficient.

No notice of application for such an order is necessary, unless the court to which application is made requires it.

Where a lien for materials furnished directly to the owner is in force at the time of the commencement of proceedings to enforce it, but ceases during the pendency of the proceedings, because of failure to obtain an order for its continuance, the court having acquired jurisdiction may retain it, and render a personal judgment.

(Argued January 12, 1875; decided May term, 1875.)

APPEAL by defendant Morgan from the judgment of the General Term of the New York Common Pleas, affirming a

judgment entered upon the report of a referee in favor of the respondents.

This action was brought by plaintiff to foreclose mechanic's lien upon certain houses and lots situate in the city of New York. One Coulter, in 1869, contracted with the defendant Morgan, as owner, to build for her six buildings in the city of New York, and entered upon the execution of the contract. Plaintiff furnished to him certain materials which were used in the construction of such buildings and filed this lien for the balance due him. Defendants Noyes and Wines also, at the request of the owner, furnished certain materials used in the buildings, and for the amount thereof they also filed a lien.

The referee ordered judgment for the foreclosure of plaintiff's lien, and a personal judgment against defendant Morgan for the amount of the lien of Noyes and Wines.

Other facts, so far as material, appear in the opinion.

*John A. Godfrey* for the appellant. Plaintiff lost his right to enforce the lien by not commencing proceedings to foreclose it within ten days after filing. (*Donnelly* v. *Sibley*, 1 Swe., 278; *Freeman* v. *Cram*, 3 N. Y., 305, 309; *People* v. *Lamb*, 3 Lans., 134.) The notice was defective in not stating facts enough to entitle him to a lien under the statute. (*Conkling* v. *Gandell*, 1 Keyes, 230.) Both the liens in question ceased under section 11 of the act before the rendering of the judgment appealed from. (*Smelton* v. *Collier*, 1 Exch., 459; *Clarke* v. *East India Co.*, 2 Bail Ct. R., 320.) A sub-contractor, to recover, must show, besides his own performance, that the contractor has so far performed the contract as to be entitled to payment under it. (*Hauptman* v. *Halsey*, 1 E. D. S., 668; *Sullivan* v. *Brewster*, id., 681; *Dixon* v. *Lafarge*, id., 722; *Walter* v. *Paine*, 2 id., 662; *Cunningham* v. *Jones*, 3 id., 650; *Smith* v. *Coe*, 2 Hilt., 365; *Smith* v. *Ferris*, 1 Daly, 18.)

*Thomas Cooper Campbell* and *Nathaniel C. Moak* for the respondents. A judgment is only a bar as against parties to the action or their privies. (*Ainslie* v. *Mayor, etc.*, 1 Barb.,

168; *Parkhurst* v. *Sumner*, 23 Vt., 538; Phil. Ev., 222; 1 Greenl. Ev., § 523; *Case* v. *Reese*, 14 J. R., 79.) A material-man who furnishes materials to a contractor, is not to be regarded as privy to him as to the owner in a mechanic's lien proceeding. (Nott's N. Y. Lien Law, 121–126; *Collins* v. *Ellis*, 21 Wend., 397; *Miner* v. *Hoyt*, 4 Hill, 193; *Cannon* v. *Van Wagener*, 2 E. D. S., 590; *Pelaune* v. *Condreau*, 16 La. An., 127; *Davis* v. *Bonnewell*, 1 Houst. [Del.], 460; *Alger* v. *Raymond*, 7 Bosw., 418.) The appellant was both owner and contractor to defendants Noyes and Wines, and personally liable to them, notwithstanding the fact that the lien filed by them had ceased. (Laws 1863, p. 863, § 9; *Grogan* v. *McMahon*, 4 E. D. S., 754; *Grogan* v. *Mayor, etc.*, 2 id., 693; *Schaettler* v. *Gardiner*, 41 How., 243; *Burton* v. *Hinman*, 8 Abb. [N. S.], 399.) As there was a valid lien in favor of Noyes and Wines, a personal judgment in this proceeding was proper. (*McGraw* v. *Godfrey*, 10 Alb. L. J., 393, 14 Abb. [N. S.], 397; *Schaettler* v. *Gardiner*, 41 How., 24; 47 N. Y., 404; *Hubbell* v. *Schreyer*, 15 Abb. [N. S.], 300, 306; *Maltby* v. *Greene*, 3 Abb. Ct. App. Dec., 144; *Moran* v. *Chase*, 52 N. Y., 346; *Blauvelt* v. *Woodworth*, 31 id., 285.) The lien having been once renewed, a second renewal was not required by statute. (*Newell* v. *Warren*, 44 N. Y., 245; *Wisser* v. *O'Brien*, 44 How., 209.) An error as to the name of the owner would not invalidate the lien. (Laws 1863, p. 862, § 6; *Hubbell* v. *Schreyer*, 15 Abb. [N. S.], 300.)

Earl, C. So far as I deem it important, I will consider separately the grounds upon which the appellant seeks a reversal of the judgment.

(1.) It is claimed that plaintiff lost his right to enforce his lien by not commencing proceedings to foreclose the lien within ten days after filing it. The New York city lien law (chapter 500, § 4, Laws of 1863) provides that "any person or persons having filed a notice of lien, may, in ten days thereafter, institute a proceeding to enforce or foreclose the lien." It is claimed on the part of the appellant that the

proceedings must be instituted *within* ten days, and that there-
fore this provision is a sort of statute of limitations. If this
be the true construction, this is the shortest statute of limita-
tions which has come under my notice. There can be no
conceivable reason for requiring a lien to be enforced so
expeditiously, and a construction so unreasonable should not
be adopted unless the language used absolutely requires it.
The interest of the lienor certainly does not require this short
limitation, and the interests of the owner are fully protected
by the right he has under the same section, if he desires to
expedite the foreclosure of the lien, to institute the proceed-
ing himself. I think, the true construction is, that the lienor
must wait ten days after filing his lien before he can foreclose
it, thus giving the owner time to become aware of it, investi-
gate it and adjust it. The word " in " does not necessarily in
the connection in which it is here used, mean " within " but
it is used in the sense of after. A still further answer to this
objection is that it was not taken in the answer, or at any
stage of the trial; and there is no exception in the case which
presents it for our consideration. If the objection had been
taken in any form, the plaintiff might have shown that the
appellant had in some way waived the earlier commencement
of the proceeding, or that she was in some way estopped from
taking the objection.

(2.) It is claimed that the notice of lien is defective. No
such claim was made at the trial. The notice contains every
thing required by section 6 of the act; but the claim is that
it must contain the facts mentioned in section 1. The notice
does not state that Coulter was a contractor with the owner
for the erection of the buildings; nor does it state what pre-
cise relation he held to the owner or to the buildings. It is
stated that the claim is against him for materials furnished
toward the construction of the buildings. The notice should
probably have contained an allegation that Coulter was a con-
tractor with the owner. But the defect is not a fatal one.
The complaint contains all the necessary allegations, and
appellant went to trial upon them. Under sections 2 and 5,

there is abundant authority for disregarding the defect or amending the proceeding if required.

(3.) It is further claimed that a personal judgment in favor of Noyes and Wines, against appellant, was not authorized. The claim of these respondents was for material furnished to the appellant directly upon the order of Coulter, acting as her agent, and hence a personal judgment against her was authorized under sections 5, 7 and 9 of the act, and it has been recently so held in the Court of Appeals. (*McGraw v. Godfrey*, 56 N. Y., 610.) But there is no exception which enables the appellant to present this question. The referee ordered the personal judgment against the owner, and there was no exception. It was a conclusion of law by the referee that Noyes and Wines were entitled to a personal judgment, and if the appellant desired to review this conclusion she should have excepted to it. So far as appears from the record, she acquiesced in a personal judgment.

(4.) Section 11 of the statute provides that liens shall in all cases cease after one year, unless by order of court the lien is continued and a new docket made stating such fact. Plaintiff's lien was first filed August 31, 1869. The referee found that this lien was twice continued by order of the court. It was first renewed by order of the Court of Common Pleas, August 18, 1870, and no question was made at the trial that that continuance was regular. That was after the commencement of proceedings to foreclose. Another order of continuance was made August 3, 1871; as it is not printed in the case we must assume that it was regular. It appears to be regular from the statements contained in the case. Noyes and Wines filed their notice of lien August 13, 1869; and it was continued by an order granted at a Special Term of the Supreme Court, August 5, 1870. That order was probably granted before the proceedings to foreclose were commenced. It purports to be granted at a Special Term. At the time it was granted the lien was in no court. It had simply been filed in the county clerk's office. The statute provides that it may be continued by order of court — not some particular court. The

order of any court having jurisdiction of these liens would undoubtedly be regular. These orders of continuance were all granted *ex parte* without notice to the owner. They are not for this reason void, even if irregular, and on that account liable to be set aside. The statute requires no notice to be given. The order creates no new liability; and hence no notice is necessary, unless the court to which an application for an order is made should require one to be given. (*Welch* v. *Mayor*, etc., 19 Abb. Pr., 132.)

The lien of Noyes and Wines was not again continued, although the referee did not decide this case until January, 1872, The lien was, therefore, probably lost during the pendency of the suit; but in such a case it has been held that the court having acquired jurisdiction could retain it, and render a personal judgment. (*McGraw* v. *Godfrey, supra.*) All that was needed to give the court jurisdiction, was a lien at the time the action was commenced. Hence, notwithstanding the expiration of the lien, the court properly rendered a personal judgment against the appellant in favor of Noyes and Wines.

(5.) The referee found that at the time of filing the lien there was due from the owner to the contractor the sum of $2,500; and there was evidence which authorized him so to find. There is no exception which authorizes us to review this finding. The adjudication in the case of *Coulter* v. *Morgan* has no bearing in this case, as plaintiff was not a party to that case, and is in no way bound by the adjudication. The owner might have controverted the evidence of the plaintiff that there was so much due, and by showing that there was nothing due from her to Coulter for any reason at the time the notice of lien was filed, could have defeated his claim; but this she did not do successfully.

I therefore conclude that the facts proved and found warranted the judgment ordered by the referee, that no error was committed by him and that the judgment must be affirmed, with costs.

All concur.

Judgment affirmed.