EUNICE A. BIGELOW, PLAINTIFF, *v.* WILLIAM J. BAILEY, APPELLANT, IMPLEADED, ETC.

*Mechanic's lien under chapter* 342 *of* 1885 — *when it expires, if continued by order under section* 6 *of said act* — *a referee in surplus-money proceedings should make findings of fact in his report.*

A mechanic's lien on property in the city of New York, filed under chapter 342 of the Laws of 1885, was about to expire when, pursuant to section 6 of said act, it was continued by an order made by a court of record, and a new docket of the lien was made by the clerk of said court stating that fact.

*Held,* that as the legislature had not limited the time when a lien, so continued by order, should expire, it must exist until the order was vacated by the court, or until the lien was disposed of in the way provided by the statute.

*Darrow* v. *Morgan* (65 N. Y., 333) distinguished.

A referee, in surplus-money proceedings, must state in his report the facts which he has found at the request of either party, to the end that the defeated party, if he so elects, may found his appeal upon the report, and upon the judgment or order entered thereon, without making a case.

APPEAL by the defendant William J. Bailey from the report of a referee, in proceedings to reach surplus moneys on a mortgage foreclosure and from an order confirming such report, entered in the clerk's office of New York county on the 21st day of November, 1890.

*James P. Campbell,* for the appellant.

*John C. Shaw,* for Bloomingdale Store and Apartment Company, respondent.

VAN BRUNT, P. J.:

The facts material to the point raised upon this appeal are as follows :

Sarah J. Doying, being the owner of premises situated at Ninth avenue and Sixty-ninth street in the city of New York, mortgaged the same to John C. Shaw, which mortgage was duly assigned to the plaintiff in this action by Shaw. In October, 1887, the appellant duly filed a lien against said premises for labor and materials furnished for buildings which were being erected on said premises, which was duly docketed in the office of the clerk of the city and county of New York. In May, 1888, the said Sarah J. Doying conveyed the said premises to the said John C. Shaw. In July, 1888, one Meyer, who had also filed a lien against these premises, commenced

an action to foreclose the same making the appellant Bailey a party defendant as a lienor, and Bailey duly filed a notice of *lis pendens*. In October, 1888, Bailey procured an order from the Court of Common Pleas which provided that his lien "be and hereby is continued pursuant to section 6, chapter 342 of the Laws of 1885," and the clerk of the city and county of New York was directed to make a new docket of the lien continued by said order, which he did. In November, 1888, John C. Shaw conveyed the premises in question to the Bloomingdale Store and Apartment Company. In February, 1889, this action to foreclose said mortgage was begun, the above-named lienors being parties defendant, and such proceedings were had therein that, in April, 1890, the premises were sold under a decree of foreclosure and sale entered in this action, and in May, 1889, a surplus resulting upon such sale was paid to the chamberlain. In June the lien suit brought by Meyer was discontinued by consent, and the notices of *lis pendens* canceled. The appellant then filed his claim to the surplus moneys. In July the appellant Bailey moved to set aside the order discontinuing the action of Meyer, which was denied, and in August, upon the application of the said Bloomingdale Store and Apartment Company, an order of reference was made referring it to a referee to determine the priority of claims upon said surplus moneys; and, after a hearing, the referee reported in favor of the Bloomingdale Store and Apartment Company, which report being confirmed at Special Term, from the order thereupon entered this appeal is taken.

It should be observed that the referee, in the making up of his report, has totally failed to comply with the requirements of the Code, which requires the court or referee trying the cause to incorporate in the decision the facts found, so that a party may found his appeal upon the report and judgment or order entered thereon, if it is claimed, as it is in the case at bar, that upon the facts found the conclusion is erroneous, without the unnecessary labor of making a case. The referee in the case at bar has incorporated in his decision none of the facts found at the request of the appellant, and his report ought properly to be sent back to him, in order that he frame proper findings. The very object of requiring requests to find to be submitted before decision is that all the facts found may be included therein.

It seems to us clear that the referee erred in holding that the appellant's lien had expired after the expiration of one year after its continuance. The statute under which this lien was filed (Laws of 1885, chap. 342, § 6) provides as follows·: "No lien provided for in this act shall bind the property therein described, for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to enforce the same * * * or unless an order be made by a court of record continuing such lien and a new docket be made stating such fact."

There is no provision whatever in this act as to the length of the time that the order shall be operative, but there are methods provided by which an owner may compel a discharge of a lien or the commencement of an action to foreclose the same. The order continuing the lien in the case at bar simply continued the lien for no definite time, but for such time as the statute permitted. It seems to us clear that it was the intention of the legislature that after such a lien was continued, generally, without any limitation as to time, it should continue until the vacation of the order of continuance or until the lien was disposed of in the other manners provided by the statute. The court continuing the lien could, of course, vacate such continuance upon proper cause shown.

This view is sustained by the fact that, in the lien law of 1882, although not applicable to the city of New York, successive orders of continuance are provided for, while in the act of 1885 there is only one order of continuance allowed. We cannot see why the effect of the order of continuance should be limited to one year any more than to one month, the statute being silent upon the subject. It was evidently the intention to leave the matter to the discretion of the court making the order, to limit its operation if they saw fit.

In the case of *Newell* v. *Warren* (44 N. Y., 244) a similar statute was construed. This case arose under the act relating to chattel mortgages. The act provides that a chattel mortgage shall be void as to creditors, unless the mortgage or a copy thereof is filed as directed in the statute. It is then provided that the mortgage shall cease to be valid after the expiration of one year, unless within thirty days preceding the expiration of that year a true copy be again filed, and it was held that a mortgage once refiled was valid forever, or until some statute of limitations should run against it.

So in the case at bar there is one of two conditions which must be complied with in order that a lien may be continued beyond a year, viz., the commencement of an action to enforce the lien, or procuring an order continuing the same. When either of these conditions are complied with, the lien is continued until the action or order is disposed of. In the event of the granting of an order, the court can, of course, limit the length of continuance, or in a proper case entirely refuse to continue it.

It is urged by the respondent that the case of *Darrow* v. *Morgan* (65 N. Y., 333) is an authority to the contrary. This case arose under the lien law of 1863, in which the language is of similar import to that of the act of 1885. It may be true that the court, in the case cited, may have used language in hostility to this view, but no such question was before the court, and no attempt is made to adjudicate upon it. An examination of the original record of the case filed with the Court of Appeals shows that the order continuing the lien was general in its language, and did not attempt to confine the continuance to any particular time. This case would, therefore, have been an authority in favor of the position of the respondents in respect to the lien law of 1885 had there been any question to be determined by the Court of Appeals in respect of the continuance of the lien mentioned in that case.

But the opinion of the court, as has already been suggested, had no reference to the question as to whether the lien had been legally continued or not; but only related to the question before it, whether a court of original jurisdiction had a right, under such circumstances, viz., where a lien had expired, to enter a personal judgment. We think, therefore, that the case cited is not an authority which overruled the principle laid down in the case of *Newell* v. *Warren* (*supra*), and, therefore, cannot control in the disposition of the question now before the court.

The claim that the proceeding in the Court of Common Pleas to vacate the order of discontinuance in the case of *Meyer* v. *Doying* in any way affects the right of the appellant to raise the question as to the existence of his lien in this proceeding cannot be sustained, if for no other reason, because it does not appear in the order of the Court of Common Pleas that any adjudication whatever was made upon that point. Reference, it is true, is made to it in the course

of the opinion, but it is well settled that an opinion cannot be adverted to in order to ascertain the grounds upon which an order has been made.

It may very well be questioned, had the order expressly proceeded upon the ground that the lien of the appellant had expired, whether such adjudication in that proceeding by the Court of Common Pleas would have been binding upon this court in the proceedings now before it.

The exceptions to the referee's report should be sustained, and the order confirming the same reversed, and a reference ordered to a new referee to determine the priority of the liens upon the surplus moneys, with costs to the appellant to abide the event of the future reference.

