MANTON v. BROOKLYN & FLATBUSH REALTY CO. et al.

(Supreme Court, Appellate Division, Second Department.   February 6, 1914.)

1. MECHANICS' LIENS (§ 179*)—EXTENSION—RECORD.
   Where an order to continue a mechanic's lien was made within the year, but, though filed with the equity clerk and so marked, the extension order was not redocketed as required by Lien Law, §§ 17, 18 (Laws 1909, c. 38; Consol. Laws, c. 33), because of a failure to pay the clerk's fees, and there was no statement on the clerk's books that the lien had been so continued, it was not continued even as between the parties.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 308; Dec. Dig. § 179.*]

2. MECHANICS' LIENS (§ 179*)—EXTENSION—COURT ORDER—FILING.
   A mechanic's lien may be extended under Lien Law (Consol. Laws, c. 33) §§ 17, 18, by an ex parte order made within the year, and such order need not be served on the adverse party.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 308; Dec. Dig. § 179.*]

Appeal from Special Term, Kings County.

Action by Michael J. Manton against the Brooklyn & Flatbush Realty Company and others.   From a judgment dismissing plaintiff's complaint to foreclose a mechanic's lien, he appeals.   Affirmed.

See, also, 152 App. Div. 931, 137 N. Y. Supp. 1128; 206 N. Y. 742, 100 N. E. 1129.

Argued before JENKS, P. J., and THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

Martin T. Manton, of New York City, for appellant.
Benjamin Reass, of Brooklyn, for respondent.

PER CURIAM.   On October 29, 1909, Culp & McCauley, a domestic corporation, filed a mechanic's lien in the office of the clerk of Kings county against real property owned by the Brooklyn & Flatbush Realty Company.   This lien was subsequently assigned to Michael J. Manton.   On October 24, 1910, the Supreme Court granted an order continuing this lien for the period of six months, and a like order was made extending the time until October 20, 1911.   On October 19th, a further order was made extending the time for one year.   This order was taken to the equity clerk, but not marked "filed"; the paper being laid aside with a package of other orders held to await the payment of the clerk's fees.   Later on in January, 1912, when it was discovered that the lien had not been redocketed, an ex parte order, directing the clerk to file the order of the 19th of October, 1911, nunc pro tunc was made. This ex parte order was subsequently vacated, and upon appeal that disposition was affirmed by this court.   152 App. Div. 888, 136 N. Y. Supp. 597.   Questions of law were certified to the Court of Appeals, but were not answered, since the order was appealable to that court as a matter of right.   206 N. Y. 742, 100 N. E. 1129.   After this, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

suit to foreclose the lien proceeded to trial, and resulted in the dismissal of the complaint on the merits; the Special Term holding in effect that after October 20, 1911, no lien existed.

The question now raised is this: Is a mechanic's lien valid as between the parties where an order to continue the lien was made within the year, but, by a failure to pay the clerk's fees, the clerk did not file the order and redocket the lien, or make a statement on his books that the lien is continued by virtue of the order?

[1] Reading together sections 17 and 18 of the present Lien Law (Laws of 1909, c. 38; Consol. Laws, c. 33) makes manifest the legislative intent to have the order continuing the lien followed by an entry on the docket so as publicly to show the fact of such continuance. This was also prescribed by an early lien statute applicable only to the city of New York (Laws of 1863, c. 500, § 11). See Poerschke v. Kedenberg, 6 Abb. Prac. (N. S.) 172. The same wording appears in the Laws of 1885, c. 342, § 6.

[2] The court order continuing the lien, which is no part of an action or special proceeding, is not even required to be served. The lien may be validly extended by an ex parte order. Darrow v. Morgan, 65 N. Y. 333. Outside of the docket, how may the owner find out whether the lien against his property has been continued? Hence, where the statute makes no distinction between the rights of the parties themselves and of third persons, we cannot hold that redocketing is simply to inform third persons and does not concern the owner of the property affected.

The legislative intent that no lien should exist except as the existence and duration of the lien find expression upon the docket is clearly declared in the Acts of 1863 and 1885, as well as in the present Lien Law. In the case at bar, the order of October 19th was practically inaccessible, not having been filed or entered in the clerk's office. To hold that such an unknown order continued the lien as against the owner would by construction take away what for half a century has been an essential part of the statutory conditions of preserving and continuing a mechanic's lien in this state.

The judgment of dismissal is therefore affirmed, with costs.