(169 App. Div. 584)

CHARLES SCHNEIDER CO. v. ÆTNA ACCIDENT & LIABILITY CO. et al.
(No. 7826.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. MECHANICS' LIENS ☜271—PROCEEDINGS—CONTINUANCE.

Under Lien Law (Consol. Laws, c. 33) § 17, providing that no lien shall be a lien for longer than one year after notice of lien has been filed, unless an action is commenced to foreclose or order be granted within one year from filing by a court of record continuing such lien, and such lien shall be redocketed as of the date of the granting of the order, a complaint averring that on or before the 31st day of March, 1914, the mechanic's lien, which was filed April 1, 1913, was by order of court duly continued for one year from the granting of the order, which order was duly entered in the office of the clerk of New York county, the clerk being directed to redocket such lien as of the date of granting the order, is sufficient as against demurrer, for there is a presumption that the clerk performed his duty to redocket the lien, and, if he did not, the lienor, having done all it was required to do, cannot be made to suffer.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 494–513; Dec. Dig. ☜271.]

---

2. MECHANICS' LIENS ☞275—PLEADING—DEMURRER—ANSWER.

> In a proceeding to enforce a mechanic's lien, where it did not appear from the complaint that any failure to redocket after continuance for one year, under Lien Law, § 17, was due to the fault of plaintiff, a contention to that effect must be made by answer, and not by demurrer.

> [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 532–538; Dec. Dig. ☞275; Pleading, Cent. Dig. § 439.]

Appeal from Special Term, New York County.

Action by the Charles Schneider Company against the Ætna Accident & Liability Company and others. From orders sustaining demurrers to the complaint, the issues of law raised having been brought on for hearing as contested motions, plaintiff appeals. Orders reversed, and demurrers overruled.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Henry K. Davis, of New York City, for appellant.
William W. Niles, of New York City, for respondents.

SCOTT, J. [1] The point involved is a very narrow one. The action is to foreclose a mechanic's lien. Section 17 of the Lien Law provides as follows:

"No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien * * * or unless an order be granted within one year from the filing of such notice by a court of record, continuing such lien, and such lien shall be re-docketed as to the date of the granting such order and a statement made that such lien is continued by virtue of such order. No lien shall be continued by such order for more than one year from the granting thereof, but a new order and entry may be made in each successive year. * * * *"

The lien was filed April 1, 1913. The complaint alleges as follows as to its renewal:

"XI. That heretofore, and on the 31st day of March, 1914, by an order of this court, duly made, said lien was duly continued for a period of one year from the date of granting said order, which order was duly entered on that date in the office of the clerk of New York county, and said clerk being therein and thereby directed to redocket such lien as of the date of the granting of such order."

The point of the demurrer is that this paragraph does not, in terms, allege a redocketing, but merely the granting and entry of an order extending the lien.

We think that the orders appealed from are too technical. The complaint alleges that the lien was "duly continued," and that the order continuing it was "duly entered" on March 31, 1914, in the office of the county clerk, and that he was therein and thereby directed to redocket it. This sufficiently alleges the doing by plaintiff of all that it was required to do. The duty of redocketing rested upon the clerk, and we are not to presume that he failed of his duty, and, even if he had improperly omitted to redocket the lien, the lienor could not be made to suffer thereby. Hurley v. Tucker, 128 App. Div. 580, 112 N. Y. Supp. 980.

[2] It may be that the plaintiff failed in some duty, such as paying the requisite fee, and thus prevented the redocketing; but that does not appear on the face of the complaint, and, if it be a fact, it can be set up in the answer. This appears to have been what was done in Manton v. Brooklyn & Flatbush Ry. Co., 160 App. Div. 783, 145 N. Y. Supp. 996. At all events the point was not raised in that case by demurrer, but upon the trial.

The orders appealed from must be reversed, with $10 costs and disbursements to appellant, and the demurrers overruled, with $10 costs of each motion, with leave to defendants to withdraw the demurrers and to answer over within 20 days upon payment of all costs in the action. Order filed. All concur.