JOHN CERASOLE, Respondent, *v.* ANNA EGENBERGER et al., Defendants, and CENTRAL HANOVER BANK AND TRUST COMPANY, Appellant.

Argued January 26, 1937; decided March 16, 1937.

*Francis S. Bensel* and *Charles B. McGroddy, Jr.*, for appellant. There was no evidence to sustain the finding that appellant promised to make the final advance, upon which the lienor could have relied. (*Edwards* v. *Dooley*, 120 N. Y. 540; *Corklite Co.* v. *Rell Realty Corp.*, 249 N. Y. 1; *Dudley* v. *Perkins*, 235 N. Y. 448.) Appellant's obligation to make the final payment ceased and terminated upon the filing of mechanics' liens in excess of the amount of said payment. (*Alyea* v. *Citizens' Sav. Bank*, 12 App. Div. 574; 162 N. Y. 597; *McDermott* v. *Lawyers Mortgage Co.*, 232 N. Y. 336; *Freeman* v. *Auld*, 44 N. Y. 50; *Kommel* v. *Herb-Gner Constr. Co.*, 256 N. Y. 333; *Schafer* v. *Reilly*, 50 N. Y. 61; *Spicer* v. *First Nat. Bank*, 55 App. Div. 172; *Verity* v. *Sternberger*, 62 App. Div. 112; *Payne* v. *Burnham*, 62 N. Y. 69; *Eastman* v. *Shaw*, 65 N. Y. 522; *Claflin* v. *Boorum*, 122 N. Y. 385; *Atlantic Mortgage Co.* v. *Kramer Contrg. Co.*, 221 App. Div. 560; *Schlitz* v. *Koch*, 138 App. Div. 535.)

*Samuel Rochlin* and *Arthur C. Blatz* for respondent. A constructive trust was properly impressed upon the balance of the building loan mortgage in the hands of the lender. (*Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380; *Anglo-American Sav. & Loan Assn.* v. *Campbell*, 13 App. Cas. [D. C.] 581; *Reynolds* v. *Ætna Life Ins. Co.*, 28 App. Div. 591; 160 N. Y. 635; *Hubbell* v. *Henrickson*, 175 N. Y. 175; *Roberts* v. *Ely*, 113 N. Y. 128; *Fox Film Corp.* v. *Hirschman*, 122 Misc. Rep. 354; 212 App. Div. 837.) Appellant having received what it bargained for, the balance of the building loan fund in its hands should, under the Lien Law (Cons. Laws, ch. 33), be made available to the mechanics' lienors. (*McDermott* v. *Lawyers Mortgage Co.*, 232 N. Y. 336; *Lawrence* v. *Fox*, 20 N. Y. 268; *Seaver* v. *Ransom*, 224 N. Y. 233; *Glanzer* v. *Shepard*, 233 N. Y. 236; *Croker* v. *N. Y. Trust Co.*, 245 N. Y. 17; *Greybar Electric Co.* v. *Seaboard Surety Co.*, 157 Misc. Rep. 275; *Pennsylvania Steel Co.* v. *Title Guarantee & Trust Co.*, 193 N. Y. 37.) The agency of

the mortgage company was clearly established at the trial. (*Corklite Co.* v. *Rell Realty Corp.*, 249 N. Y. 1.)

O'BRIEN, J. In February, 1931, Anna Egenberger entered into a written agreement with C. and C. General Carpenter Contracting Corporation for the erection of a dwelling house for the sum of $12,000. On March 9, 1931, she executed a building loan agreement with defendant Central Hanover Bank and Trust Company, appellant herein, for a loan in the amount of $17,000, and delivered her bond and a mortgage for that amount. Her affidavit attached to the agreement, and executed June 10, 1931, is made pursuant to section 22 of the Lien Law (Cons. Law, ch. 33). The mortgage was recorded with the register of Westchester county, and the loan agreement was filed with the County Clerk in June, 1931. The loan agreement provides that, if any mechanics' liens should be filed against the premises, the holder of the mortgage might retain or deposit with the County Clerk in behalf of the borrower a sum sufficient to discharge the lien. It also provides that the loan is to be advanced at such times and in such amounts as the lender may approve, and " *Eighth.* In any of the following events the obligation on the part of the lender to make said loan or to make any further advances shall, if the lender so elects, cease and terminate, and the said mortgage debts shall become due and payable at the option of the lender or of the holder of the mortgage, anything therein or in said bond contained to the contrary notwithstanding, but the lender may make advances without becoming liable to make any other advances. 1. If the mortgage offered by the borrower shall not give the lender a lien for the indebtedness to be secured thereby on the premises above set forth, satisfactory to the lender. 2. If the lender shall not approve of the payment called for because of some act, encumbrance or question arising after the making of the preceding payment. 3. If the borrower assign this con-

tract or said advances or any interest therein, or if said premises be conveyed or encumbered in any way without the consent of the lender. * * * 8. If any materials, fixtures or articles used in the construction of the building or appurtenant thereto be not purchased by the owner of the land so that the ownership thereof will vest in said owner free from encumbrance on delivery at the premises * * *. *Ninth.* The holder of the mortgage referred to reserves the right to decrease the total amount to be loaned under this agreement."

The bank made the first advance June 11, 1931, for $6,800, the second August 14, 1931, for $2,200, and the third on December 21, 1931, for $2,400. After these advances had been made a balance of $5,600 remained from the $17,000. During the course of construction, liens in excess of $5,600 were filed by numerous individuals and corporations who are defendants in this action. The bank refused to advance the balance of the building loan until all liens should be satisfied.

The building was completed and a certificate of occupancy was issued June 4, 1932. In November, 1932, defendant Hoac Corporation instituted an action to foreclose a second mortgage, which was subordinate to the mortgage given to secure the Hanover's building loan, and the judgment in that action, which was entered July 12, 1933, wiped out all the liens. Under that judgment, the premises were conveyed subject to the building loan mortgage for $17,000.

This action is brought to foreclose plaintiff's mechanic's lien, which was filed June 16, 1932, for $933, and to adjust the equities among all the lienors and to compel the bank to pay the $5,600 into court for distribution among the lienors. The courts below have found the fact to be that the lienors received some payment for their work and materials out of the advancements made by the bank, and that they relied for further compensation upon the promise of the bank to make the final payment of $5,600. Judgment has been rendered for plaintiff on the theory

that this balance of $5,600 in possession of the bank is subject to a constructive trust for the benefit of the lienors, and the bank has been directed to pay this balance into court for distribution among the lienors.

Although the building loan agreement provides that, in the event of incumbrance of the premises by liens or otherwise, the lender may decline to make further advances, and this agreement was on file in the office of the County Clerk, of which fact the plaintiff and other lienors had at least constructive notice, there is evidence that the Lawyers Mortgage Company, the *reputed* agent of the appellant Central Hanover Bank and Trust Company, assured at least two of the lienors, after many liens had been filed, that, if they continued to perform their work, the last payment would be made. If the lender, through a duly authorized agent, represented to lienors that the entire proceeds of the loan would be available for payment of labor and service, and the lienors acted upon that representation, and improved the premises which constitute the lender's security, that part of the loan which had not yet been advanced ough in fairness and justice to be treated as a fund held by the lender under a constructive trust. That is the view taken by the courts below, and certainly is the equitable view. In the event of advancement of the entire $17,000, the lender has its mortgage for that sum, secured by property improved by the lienors, and the lienors will be compensated, in part at least, for their services and materials.

The question, then, is whether the Lawyers Mortgage Company was such an agent of the Central Hanover Bank and Trust Company as to possess authority, by its promises, which the court found were made, to bind the bank. The mortgage company received the application for the loan at its Mt. Vernon office. It handled all the three payments and inspected the work of construction; it made up the list of lienors and attended to the delivery of all checks. It did all these things through its employees,

Williams and Christie. The closing of the building loan agreement and of the mortgage was arranged by the attorney, not of the bank, but of the mortgage company. Although a general agent cannot by his own statement prove his authority, the fact is significant, considered with all the other evidence, that Mr. Williams of the mortgage company testified that no one was then present representing the bank, but " Q. Who acted for. them ? A. The Lawyers Mortgage Company is their agent, I presume." Even without this testimony, which perhaps should have been struck out, the evidence throughout the case shows that the mortgage company was the agent of the bank.

Much has been said in the briefs and on the oral argument in relation to the issue whether a lienor, who is not a party to a building loan agreement, can compel the lender to perform that agreement. Appellant relies upon *Alyea* v. *Citizens Sav. Bank* (12 App. Div. 574; affd. on opinion below, 162 N. Y. 597), while respondent urges that the principle enforced in the District of Columbia in *Anglo-American Sav. & Loan Assn.* v. *Campbell* (13 App. Cas. D. C. 581) is applicable. He also argues that this court, in *Pennsylvania Steel Co.* v. *Title G. & T. Co.* (193 N. Y. 37, 42), has inferentially overruled the *Alyea* case and approved the *Campbell* case. Appellant rejoins by citing *McDermott, Inc.,* v. *Lawyers Mortgage Co.* (232 N. Y. 336), where doubts are cast upon the correctness of part of the opinion in the *Pennsylvania Steel* case. In view of the different statutory requirements in the District of Columbia and the amendments to our own Lien Law, none of those decisions seem to be squarely in point, and, unhampered by exact precedent, we are free to deal equitably with this case on its merits.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Judgment affirmed.