The Peoples National Bank and Trust Company of Lynbrook, Respondent, v. Harkay Realty Co., Inc., and Others, Defendants; William T. Corrigan and Charles J. Corrigan, Appellants. (Action No. 1.) The Peoples National Bank and Trust Company of Lynbrook, Respondent, v. Harkay Realty Co., Inc., and Others, Defendants; William T. Corrigan and Charles J. Corrigan, Appellants. (Action No. 2.) — Two of several defendants in two actions to foreclose mortgages on real property appeal from orders striking out their answers, which were, in effect, counterclaims. In each case, order affirmed, with ten dollars costs and disbursements. Appellants in each case sought to compel plaintiff, the lender-mortgagee under a building-loan agreement and mortgage, to make advances after the mortgagor was in default under the terms of the agreement and mortgage, in order that such advances might be applied to the payment of liens filed by appellants after earlier advances had been made. Under subdivisions 2 and 3 of section 13, and section 22, of the Lien Law (Consol. Laws, chap. 33), and under the agreement and mortgage in each case, which relieved the lender from making advances after default, appellants do not present grounds for relief. *Cerasole* v. *Egenberger* (273 N. Y. 351), upon which appellants rely, has no application here. Therein the question of priority between the lien of a building-loan mortgage and mechanics' liens filed after advances were made was not involved. In that case the lender made a separate agreement with lienors, for a good consideration, to advance the full amount of the loan without regard to default. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

Pasquale Sortino, Respondent, v. Brooklyn and Queens Transit Corporation, Appellant.— Action for damages for personal injuries suffered by the plaintiff, a pedestrian, when he was struck by defendant's trolley car while plaintiff was crossing a well-defined path over a right of way of the defendant. . Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

Dora Starobin, Respondent, v. Brooklyn Bus Corporation, Appellant.— Action for damages for personal injuries suffered by plaintiff while crossing a street, as a consequence of being struck by a bus operated by the defendant. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

Severin Svensen and Amanda Clark, as Administratrix, etc., of John Clark, Deceased, Respondents, v. Zurich General Accident and Liability Insurance Company, Limited, of Zurich, Switzerland, Appellant.— Action to recover on a policy of automobile liability insurance pursuant to section 109 of the Insurance Law. Order directing summary judgment in favor of the plaintiffs and judgment entered thereon reversed on the law and the facts, with ten dollars costs and disbursements, and the motion for summary judgment denied, with ten dollars costs. No evidentiary facts are alleged in the moving affidavits to establish that the assured's truck was principally garaged and used in Middle Village, Queens county, as stated in the declaration in the policy. Mere denials of the averments of the defense do not constitute evidentiary facts. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.