In the Matter of Continuing a Mechanic's Lien Against GOULD COUPLER COMPANY.

*Order continuing a mechanic's lien — not affected by the fact that the lienor has commenced an action at law — duration of a lien that has been continued — § 6 of chap. 342 of 1885.*

Under the provisions of section 6 of chapter 342 of the Laws of 1885, the holder of a mechanic's lien has the option during its continuance of either commencing an action and filing a *lis pendens* to enforce his lien or of obtaining an order continuing such lien.

The statute does not prescribe the case which must be made by a person applying for an order continuing a mechanic's lien in order to entitle him to such order; and any case is sufficient which moves the court, in the exercise of a reasonable discretion, to interpose for the preservation of the rights of the parties.

The fact that a lienor has chosen his remedy by an action at law does not affect his right to continue his lien, as he may, at any time before the satisfaction of the judgment in such action, resort to the foreclosure of his lien, which is a cumulative remedy.

Every continuance of a mechanic's lien under chapter 342 of the Laws of 1885, granted by a court, is regarded as limited in duration by the general provision of the section (to which the provision for the continuance is only an incident), that no lien shall bind the property described for a longer period than one year from the filing of the notice of lien, which, in case of the continuance of a lien, begins with the making of a new docket. Every continued lien, therefore, like every original lien, carries its own limitation with it by virtue of the statute.

APPEAL by the Gould Coupler Company from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 2d day of March, 1894, continuing a mechanic's lien agreeably to section 6 of chapter 342 of the Laws of 1885.

*J. C. Milburn*, for the appellant.

*J. M. Chipman*, for the claimants, respondents.

DWIGHT, P. J.:

The motion, which resulted in the order appealed from, was made under the provisions of section 6 of chapter 342 of the Laws of 1885. The section, as printed and punctuated in the Session Laws, reads as follows: "No lien provided for in this act shall bind the property therein described, for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to enforce the same; and if the action is in a court of record, a notice of the pendency of such action is filed with the county clerk of the county in which such notice of lien is filed, containing the names of the parties to the action, the object of the action, and a description of the premises affected thereby, and the time of filing the notice of lien. Or unless an order be made by a court of record continuing such lien, and a new docket be made stating such fact. And when a claimant is made a party defendant to any action brought to enforce any other lien, such action shall be deemed an action to enforce the lien of such defendant, who is a claimant within the provisions of this act. The neglect to file the notice of pendency, provided for by this act, shall not abate any action which may be pending to enforce the lien, but such action may be prosecuted to judgment against the person or persons, firm or firms, corporation or association liable for the debt." Here is, evidently, some mis-punctuation. The alternative clause introduced by the disjunctive "or" near the middle of the section cannot have been intended as a complete sentence as it is made to read. It was clearly intended to provide an alternative either to the commencement of an action or to the filing of a notice of the pendency of an action mentioned in the earlier part of the section. In the former case the holder of the lien, during its continuance, has the option to commence an action to enforce his lien, or to obtain an order of continuance; in the latter case he must first commence an action to enforce his lien, and may then either file a notice of *lis pendens* or apply to the court for an order. The former construction is in accordance with the contention of the holders of the lien — respondents here; the latter with that of the appellant. We are inclined to think that the former contention is correct.

The statute of 1885 is an act of revision, covering the whole subject of mechanics' liens, and applying to the whole State, including the city of New York; and the section (6) quoted above is apparently the result of several experiments with the statute in different forms, in force at different times in that city. Thus, the first provision contained in any of our statutes for continuing the lien beyond one year was made in the act for the city of New York in 1863, where, by section 11 of chapter 500 of the laws of that year, it was provided that such lien might be continued by an order of the court and a redocketing of the lien. This statute was superseded in 1875 by chapter 379 of the laws of that year which, by section 8, substituted action commenced and notice of pendency filed, for the order of the court. In 1882 the statute — still for the city of New York — introduced the alternative of the two modes previously tried, viz., action commenced and notice of *lis pendens* filed, on the one hand, and, on the other hand, an order of the court. Such we take to be the effect of the provision referred to of the act of 1882 (Chap. 410, § 1812), which reads as follows: "Liens shall in all cases cease after one year from date of filing, unless an action shall be commenced and a notice of *lis pendens* filed with the clerk of the county wherein the premises are situated, or an order made continuing the lien for another year; in the latter case the county clerk shall, upon filing such order, make a new docket of such lien. Successive orders and new dockets may be made in the discretion of the court. Where a claimant is made a party defendant to any action brought to enforce any other lien, a notice of the pendency of such action must be filed by him or in his behalf. But the neglect to file such notice shall not abate any action which may be pending to enforce the lien. Such action may be prosecuted to judgment against the persons liable for the debt." This provision is found in what is known as "the Consolidation Act," and was, evidently, intended to give to lienors the benefit of a choice of the two modes of relief prescribed, the one by the statute of 1863, the other by that of 1875 (both *supra*), the former of which prescribed an order of the court alone, and the latter only an action commenced and notice of pendency filed. Again, in 1883 (by chap. 276 of the laws of that year, § 17) there was a return to the single prescription of an action and notice of its pendency, and lastly, in the Revis-

ion Act of 1885, made applicable alike to city and State, the alternative provision was re-enacted almost in the same terms as those quoted above from the act of 1882. We cannot doubt from this collation and comparison of the several enactments that the alternative provision finally adopted presents the alternative of an action with notice of *lis pendens* on the one hand, and an order of the court on the other hand.

This view derives confirmation from the language in which the same alternative is stated in subdivision 4 of section 24 of the same act of 1885. The section referred to is entitled " Lien, how discharged," and the subdivision is in the following terms : " 4. By the lapse of time. When one year has elapsed from the time of filing the notice of lien, and no action has been commenced either to enforce such claim or order of the court made continuing said lien as provided in section six of this act."

We conclude, therefore, that the lienors, respondents in this case, were regular in applying to the court for an order continuing their lien, although no action had been commenced for the enforcement of their lien.

Neither of the statutes prescribing an order of the court defines the case which must be made in order to obtain it. It must be sufficient if it move the court, in the exercise of a reasonable discretion, to interpose for the preservation of the rights of the parties ; and such discretion, we think, was not abused in this case. The lienors had commenced an action at law to recover a balance of about $1,200, claimed to be due to them on the contract price of the material which they had sold to the appellant and which had gone into the appellant's buildings. This they did, as their affidavit shows, because they believed they could bring such an action to judgment sooner than an action in equity to enforce their lien. But the appellant had caused an answer to be put in to their complaint, and the action was still pending, and the expiration of the year from the filing of their lien was approaching, and for the preservation of their lien they desired its continuance pending the determination of the issue joined in such action.

The fact that they had chosen the remedy by an action at law seems not to affect their right to a continuance of their lien. They

FIFTH DEPARTMENT, JUNE TERM, 1894. [Vol. 79.

may still, at any time before satisfaction of the judgment in such action, resort to their other remedy, which is conceded to be cumulative (*Biershenk* v. *Stokes*, 46 N. Y. St. Repr. 179), viz., by a foreclosure of their lien. (*Raven* v. *Smith*, 54 id. 94; 71 Hun, 197.) And, certainly, if the lienor may foreclose his lien, notwithstanding the pendency of an action at law to collect the debt, he may procure a continuance of his lien under the same circumstances.

The order granted an indefinite continuance; probably, because the statute in terms prescribes no limitation for a continuance as such; but we suppose that every continuance granted under this statute is to be regarded as limited in duration by the general provision of the section (to which the provision for a continuance is only an incident), that no lien shall bind the property described for a longer period than one year from the filing of the notice of lien — in case of a continuance, from the making of a new docket. So that every continued lien, like every original lien, carries its own limitation with it, by virtue of the statute.

The order appealed from should be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.