IGNAZIO F. CAVALLUZZO, Plaintiff, *v.* WILLIAM J. DIAMOND, Defendant.

Supreme Court, Bronx County, December, 1922.

**Bills and notes — judgment in action to foreclose mechanic's lien including amount of note no defense to an action upon the note.**

A plaintiff may bring an action to foreclose a mechanic's lien and at the same time may sue upon a note given for work done which in part is the basis of the lien and the entry of judgment for plaintiff in the foreclosure action is not a bar to the action on the note.

In an action to recover upon the note the fact that the plaintiff in an action to foreclose a mechanic's lien had recovered judgment in which the amount of the note was included in the amount for which the lien was established, is no defense and plaintiff will be granted judgment for the full amount of the note concerning which no issue was raised.

ACTION on a note.

*Menken Brothers,* for plaintiff.

*Williams & Williams,* for defendant.

MARTIN, FRANCIS, J. This is an action instituted by the plaintiff against the defendant on a promissory note for the sum of $5,000. The trial was before the court, without a jury. A jury was waived. That the note was duly executed and delivered for value is not questioned. The defendant's answer, however, sets up the defense that prior to the institution of this action the plaintiff commenced an action for the foreclosure of a mechanics' lien wherein judgment had been rendered in favor of the plaintiff and against the defend-

ant. The note here was given for work which in part is the basis of the lien. The testimony shows that the lien filed against the property was for the sum of $16,164, and a recovery was had for $15,171.42, to which extent the plaintiff's lien has been established. A judgment was entered in favor of plaintiff against the property for that amount and providing for a deficiency judgment. An appeal from that judgment has been taken to the Appellate Division. A stay pending the appeal was granted upon the defendant's filing a surety company bond for the sum of $5,000. It is conceded that the amount of the note in this action is included in the amount for which the lien has been established. The defendant urges that the entry of a judgment in the lien action is a bar to an action on the note. The law is well settled that the plaintiff may at the same time by different actions pursue his remedy for the collection of the debt and the enforcement of his lien. *Power* v. *Onward Const. Co.*, 39 Misc. Rep. 708. It has also been established by the decisions that the entry of a judgment in the foreclosure action is not a bar, until the judgment has been paid, to an action on a note for the debt. This is so because the remedies are cumulative. *Matter of Gould Coupler Co.*, 79 Hun, 206. In the foreclosure action plaintiff may not proceed against the general property of the debtor until the deficiency has been established, following the consummation of the foreclosure. On the judgment in this action he may issue execution forthwith against any property belonging to the debtor. Otherwise he might be compelled to await the outcome of a sale of the property affected by the lien, contemplating a certain deficiency and, at the same time, the disappearance of the other assets of the debtor. At the proper time relief will be afforded against an over-collection. In view of the foregoing I hold that the so-called defense interposed is insufficient. Judgment is, therefore, directed in favor of the plaintiff for the full amount of the note. Submit decision and judgment. I will also pass on such requests to find as defendant may submit.

Judgment accordingly.