EDWARD PARISI, Appellant, v. J. EDWARD HUBBARD, Respondent.

Fourth Department, June 5, 1929.

*Frederick F. Grotz*, for the appellant.

*Alice I. Doorty* [*Robert J. Summers* with her on the brief; *John V. Maloney* of counsel], for the respondent.

EDGCOMB, J. In 1926 the defendant and his wife entered into a contract with one William Arthur Sager for the erection of a dwelling on certain real property owned by them in the city of Buffalo. Sager sublet the plumbing and heating to the plaintiff for the sum of $1,645. When that work had progressed to such a point that the plaintiff was entitled to receive the first payment on his contract, Sager neglected and refused to pay the amount due. Plaintiff stopped work, and declined to go further until he received his money. This he had a right to do, and could not be charged with having breached his contract. (*Raabe* v. *Squier*, 148 N. Y. 81.)

Defendant, being anxious that there should be no delay in the construction of the building, sought out the plaintiff and promised that he, defendant, would guarantee the payment of plaintiff's account, and would pay the same, if Sager refused so to do, provided that the plaintiff would go on and complete his contract.

Relying upon such assurance, appellant resumed work and performed his contract. Plaintiff seeks in this action to compel the defendant to make good on his promise.

Defendant's agreement, although not in writing, is not void under the Statute of Frauds. (*Raabe* v. *Squier*, 148 N. Y. 81; *White* v. *Rintoul*, 108 id. 222, 227.)

The above facts are not disputed. The sole defense urged was that the cause of action pleaded and proven had been determined adversely to the plaintiff in an equity action, brought in the Supreme Court of Erie county, in which the plaintiff and defendant here were parties defendant, and that the judgment in that case constituted a bar to the present action within the principle of *res adjudicata*. Defendant offered in evidence the judgment roll in the equity action, and rested. The learned trial court held that the issues in the instant case were necessarily litigated and involved in the equity action, and directed a verdict for the defendant. The correctness of such ruling determines this appeal.

The rule is well settled that a judgment on the merits is final and conclusive as to all matters, either of law or of fact, which actually were or legally might have been litigated and decided in an action or special proceeding between the same parties, or those

in privity with them, which, if again considered, would involve an inquiry into the merits of the former judgment. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Barber* v. *Kendall*, 158 id. 401, 405; *Bell* v. *Merrifield*, 109 id. 202; *Pray* v. *Hegeman*, 98 id. 351; *Leavitt* v. *Wolcott*, 95 id. 212.)

If the two causes of action are different, not in form only, but in the rights and interests affected, the first judgment is not final, except as to the question actually determined. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, *supra*.)

The burden rests upon the defendant, who has invoked the defense of *res adjudicata*, to establish that the judgment in the foreclosure action is a bar to recovery in the instant case.

This brings us to a discussion of the nature of the two actions, and the issues involved.

The equity action referred to was brought by the Buffalo Lumber and Mill Corporation against the defendant in this action, J. Edward Hubbard, and others, including this plaintiff, to foreclose a mechanic's lien which said Buffalo Lumber and Mill Corporation had filed against the real property owned by Hubbard and his wife. The present plaintiff was made a party defendant in the equity case because he had filed a mechanic's lien against the property in suit. That made him a necessary party defendant. (Lien Law, § 44.) It was alleged in the complaint in that action that Parisi and the other lienors had, or claimed to have, some lien, interest or claim in or to said premises, which lien, interest or claim, if any, was subsequent and inferior to the lien of the plaintiff in that action, and judgment was demanded that the defendants, and all persons claiming under them, or any of them, be barred and foreclosed of all claim, right, title, lien and equity of redemption in and to said premises. This is the usual demand in actions of like character. No other issue was raised by the complaint so far as this plaintiff is concerned.

Hubbard served an answer jointly with his wife, in which he failed to mention this plaintiff or to refer to the contract here in suit. Parisi appeared in the equity action and served an answer, in which he alleged the filing of his mechanic's lien, and asked that it be adjudged that he had a valid and subsisting lien against the real property in question, and that the property be sold, and that out of the proceeds the amount of his lien be paid. His answer contained no reference to the agreement here in suit. As a matter of fact, that contract was not mentioned in any pleading in the equity action, nor in the findings or judgment. It is true that in his prayer for relief in his answer Parisi asked that, if for any reason he should fail to establish a valid lien against the

premises in question, he might recover such sum as might be found to be due him, and for which he might fail to establish a valid lien against Hubbard and Hubbard's wife, as well as against Sager. However, there were no allegations in the pleading upon which any obligation on the part of Hubbard or his wife to pay Parisi for his work and materials could be founded, or which would form the basis of any personal judgment against Hubbard.

Parisi made no attempt to determine in that action his present controversy with Hubbard. He made no effort to comply with the provisions of section 264 of the Civil Practice Act. He failed to set up in his answer the agreement he had made with Hubbard, and did not seek to have his rights in relation thereto determined in that action. He neglected to serve his answer upon Hubbard, or to give him a chance to come in and defend that issue. Under the situation as it stood, the rights of Parisi and Hubbard, so far as they related to the contract in suit, could not have been determined in the foreclosure action.

Neither the existence of the contract here in suit nor defendant's liability thereunder was litigated or decided in the foreclosure action, and, so far as the record shows, no attempt was made to determine any such issues. Both the findings and judgment are silent in regard to the matter. It was not necessarily involved on the trial of the foreclosure action. Neither do I think that it might properly have been litigated in that action in the shape the pleadings were in. The issues there had simply to do with the liens which had been filed against the real property, and their priority, and the amount due thereon, and the sale of the property to satisfy the same. That was an equity action; one *in rem.* This is an action *in personam;* one at law. It is brought to recover on an agreement made by the defendant with the plaintiff, entirely separate and apart from the contract between plaintiff and Sager; it is a totally different cause of action from that which formed the basis of the other. In one case the issues are triable by a jury, and in the other by the court.

No facts which were found in the foreclosure action are vital or controlling in the instant case, and no finding in that case is conclusive here.

Section 45 of the Lien Law, which provides that the court may adjust and determine the equities of all the parties to an action to foreclose a lien, and determine all issues raised by any defense or counterclaim raised by the answer, refers to those equities which arise by reason of the liens against the property, and the determination of which is necessary to the settlement of the rights of the parties to the action, and confers no authority upon the

court to award judgment on legal claims existing between the parties. (*Alyea* v. *Citizens' Savings Bank,* 12 App. Div. 574; affd. on opinion below, 162 N. Y. 597; *Maneely* v. *City of New York,* 119 App. Div. 376, 383.)

The test of whether one judgment is a bar to plaintiff's right to recover in a subsequent action is stated by CARDOZO, Ch. J., in *Schuylkill Corp.* v. *Nieberg Realty Corp. (supra)* to be " whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second." Applying this standard to the judgment in the fore-closure action, it is apparent that none of the rights of any of the parties in that action will be affected by any determination which may be made in this action.

The recovery of a judgment upon the indebtedness for which a lien is filed, and which has never been paid, is not a bar to an action to foreclose the lien. The remedy is cumulative. (*Pearce* v. *Kenney,* 152 App. Div. 638, 641; *Smith* v. *Fleischman,* 23 id. 355; *Matter of Gould Coupler Co.,* 79 Hun, 206; *Raven* v. *Smith,* 71 id. 197; *Hall* v. *Pettigrove,* 10 id. 609.)

In *Hall* v. *Pettigrove (supra)* plaintiff entered into a contract with defendant to repair a building and took a mortgage on other property to secure the payment of the contract price for such repairs. Upon completion of his work he filed a mechanic's lien, and commenced to foreclose his mortgage, realizing thereby only a part of the money coming to him, and entered a deficiency judg-ment for the balance. He then foreclosed his mechanic's lien. Defendant claimed that the judgment in the former action was a bar to plaintiff's right to foreclose his lien. Held, that plaintiff was entitled to pursue all the remedies he had, until he realized the amount of his claim.

The converse of the above rule is also true. The foreclosure of the mechanic's lien is not a bar to an action brought on a separate and distinct contract to pay for the work performed, where the issues relating to such contract were not litigated in the foreclosure action. (*Cavalluzzo* v. *Diamond,* 119 Misc. 645.)

We think that the learned trial court erred in holding that the judgment in the foreclosure action was a bar to the present action, and that the judgment appealed from should be reversed and a new trial granted, with costs to appellant to abide event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.