Bernard S. Meyer, J.
In this action to foreclose a public improvement lien, defendant Robinson Clay Product Co., Inc., alleged in its answer a counterclaim asking that its lien be adjudicated valid and also cross-claimed for personal judgment against defendant De Lillo Construction Co., Inc., the general contractor, for goods sold and delivered. Defendant De Lillo has admitted, by failing to deny, the allegations that goods of the agreed price and reasonable value of $3,558.11 were delivered to it at its request prior to January 7, 1964, that no part of that sum has been paid and that the goods were used in performing the contract with the town. Defendant Robinson now asks summary judgment. The motion is granted.
Section 45 of the Lien Law authorizes the court to “ determine all issues raised by any defense or counterclaim in the action” and section 64 provides that the court “ may at any time award a money judgment in favor of any party ”, Under section 42 a public improvement lien is enforced “ against the funds of the state or the public corporation * * * and against the contractor or subcontractor liable for the debt, by a civil action, in the same court and in the same manner as a mechanic’s lien on real property ”. (Emphasis supplied.) The Court of Appeals has said of this provision in Anderson v. Hayes Constr. Co. (243 N. Y. 140, 148) that “ This means, we think, that there shall be such cross-remedies among defendants claiming derivative interests in the fund by succession to the contractor, as may be necessary for complete relief.” True, the cross-claim here in question is against the contractor himself, but Robinson is clearly entitled to a personal money judgment against De Lillo, the party with whom it contracted (see Tager v. Healy Ave. Realty Corp., 14 A D 2d 584) and there appears no valid reason for denying it that judgment at this time and in this action. De Lillo argues that the interest of the various lienors will be disturbed if Robinson obtains a priority, but the answer is that as to assets of De Lillo other than the lien fund, Robinson is entitled to priority if it obtains a prior judgment and that as to the lien fund itself Robinson’s judgment will be obtained subsequent to the filing of the notice of pendency and, therefore, will not be accorded priority (cf. Lien Law, §§ 44, 44-a).
The conclusion thus reached accords with the holding in Mellen v. Athens Hotel Co. (149 App. Div. 534; see Blane, *403 Mechanics’ Liens, §§ 123c, 123d) and there would be little reason for discussion of the question were it not for the statement made in Parisi v. Hubbard (226 App. Div. 280, 283-284) and Maneely v. City of New York (119 App. Div. 376, 383) that section 45 “ refers to those equities which arise by reason of the liens against the property * * * and confers no authority upon the court to award judgment on legal claims existing between the parties.” The Maneely case turned, however, on the question whether the bonding company against which personal judgment had been entered had waived its right to jury trial. Of coarse, defendant De Lillo is not entitled to jury trial herein, since it has raised no triable issue of fact, but if it had, its right to jury trial could have been preserved (Smith Bros. Plumbing Co. v. Engine Air Serv., 307 N. Y. 903). Moreover, since the distinction between actions at law and suits in equity had been abolished when Maneely was decided (Code Civ. Pro., § 3339) its holding seems doubtful. In any event both it and the dictum in Parisi v. Hubbard (supra, pp. 283-284) were based on Alyea v. Citizens’ Sav. Bank (12 App. Div. 574, affd. on opinion below 162 N. Y. 597). When we turn to the Alyea case, we find that its holding is that a claim may not be asserted by the plaintiff in a lien foreclosure action against a defendant with whom plaintiff had no privity of contract and who was not itself a lien holder (as is defendant Robinson herein), and that the Alyea opinion states that (p. 577) “ When the action is brought in a court of general jurisdiction, the court having acquired the right to act, pursuant to the statute, may give any relief which it might give in any other action, to the extent of its jurisdiction ” (emphasis supplied).
The broad policy of CPLR 3019 (subd. [b]) favoring cross claims should not be frustrated, unless the procedures for foreclosing mechanics’ liens would be disrupted by so doing or some provision of the Lien Law so requires (cf. Noce v. Kaufman, 2 N Y 2d 347, 352). Lien Law section 64 permits the money judgment Robinson asks, and prevents disruption by providing that if Robinson is later awarded judgment foreclosing its lien ‘ Any payment made on account of either judgment * * * shall be credited on the other judgment. ’ ’
Settle order directing the Clerk to enter judgment in favor of Robinson and against De Lillo in the amount of $3,558.11, with interest from January 7, 1964, but without costs, and severing and continuing the action and counter and cross claims in all other respects.