David G. Boehm, J.
If ever there there was a case that cried out for an expeditious and final disposition, this is it.
The action was commenced on September 4, 1968 and issue joined by .service of an answer November 27, 1968. Since that time there has been a default judgment, a successful motion to reopen the judgment, a motion to strike portions of the answer, service of an amended answer and counterclaim containing 54 numbered paragraphs, demands for bills of particulars, service of a bill of particulars containing 26 paragraphs, motions to vacate the demands, filing of a statement of readiness and a motion to strike it, service of notices to admit and motions to strike them, a court order prohibiting further proceedings pending an examination before trial to be held on October 29, 1969 which, to this date, is still incomplete, settlement negotiations resulting in a stipulation of settlement whereby $500 was placed in escrow with the City Court but resulting in no .settlement, motions to hold in contempt, motions for an order of reference, a separate action in Supreme Court and a motion to refer the same to City Court and join it with the original action, an appeal from the Supreme Court’s referral to City Court (36 A D 2d 1012), and an unsuccessful application for reargument of the appeal.
The matter came before me upon an appeal from an order of reference granted by City Court on February 23, 1970, one and one-half years ago, referring all questions of law and fact to a referee to hear and determine. After the original record on appeal was filed, a motion was brought to strike the case from this court’s calendar because of the inadequacy of the record. A subsequent motion was brought to resettle the order striking the case from the calendar of this court. Finally, after the filing of a proper record, the appeal was argued at length before me.
An examination of the procedural proceedings to date discloses a record on file of many pound-feet of briefs, affidavits, exhibits, memoranda, and motion and cross motion papers which proliferated wildly out of what started as an ordinary claim for $500, the balance due upon the sale of a boat. Since then, it has *475 deplorably spun off into some arcane area inhabited by the troubled ghosts of Jarndyce v. Jarndyce.*
The papers, in addition to their volume and length, and their inordinate needlepoint attention to technical detail, also contain charges and countercharges of improper personal conduct. It is apparent that there now exists between the parties a mutual exasperation so intense that it equals in depth what the multitude of motion papers reach in height.
To date, this case, at one time or another and in one form or another, has been before a Supreme Court Justice, before the Appellate Division, before at least 5 out of the 7 City Court Judges, and three times before me. Obviously, the cure to this wasting disease of legalism is to usher the case immediately to a trial forum for the prompt disposition of the original issues. This, no doubt, was the salutary intention of City Court Judge Patlow in granting the motion for a reference.
However, the defendant appeals from this on the ground that it thereby deprives him of his right to a jury trial. The history of this case obliges one to question whether such concern at this point is not based more upon ritualistic than upon remedial grounds, and whether by their conduct, both parties have not waived any right to a jury trial.
It is true that one of the parties, the plaintiff, successfully sought the reference. It is further true that at least as much of the delay may be attributable to the plaintiff’s actions as to the defendant’s. Nevertheless, the defendant participated fully in this burdensome course of conduct which has caused the law to become as much of a loser as either of the parties. It is, therefore, necessary to weigh the proper and expeditious administration of justice in the balance along with the rights of the parties, for it strikes me that the administration of justice is now as much a party to this proceeding as the plaintiff and the defendant.
It is essential to keep in mind that the primary function of a court is the orderly and expeditious processing of litigation. Toward this end, it has been repeatedly remarked that every court has the inherent power to do what is reasonably necessary for the administration of justice within the scope of its jurisdiction. (14 Am. Jur., Courts, § 171; Langan v. First Trust & Deposit Co., 270 App. Div. 700, 705.) Courts are under a duty to see that litigation is disposed of with reasonable dispatch. (Cf. Matter of Brooklyn Bar Assn., 223 App. Div. 149.)
As long as 65 years ago, Dean Boscoe Pound in his historic address, “The Causes of Popular Dissatisfaction with the *476 Administration of Justice ” (29 A.B.A. Rep., pt. I, pp. 395-417 [1906]), spoke of the way in which the doctrine of “contentious procedure ” (p. 404) disfigures our administration of justice and how it gives to the community a false and distorted notion of the purpose and end of law.
Therefore, although an action which does not involve long accounts or complex issues and in which a jury trial exists as a matter of right is not ordinarily referable, there are times when the conduct of one or more of the parties in delaying the disposition of the issues by an overzealous adherence to procedural, preliminary detail may compel that very disposition on the ground that the time of the court has already been inordinately consumed; that although a party is entitled to his day in court, he is not entitled to an endless number of days; and that such conduct constitutes a waiver of the right to a jury trial. (See, e.g., Phoenix Mut. Life Ins. Co. v. Conway, 11 N Y 2d 367, 371; Marshall, Inc. v. Turner Constr. Co., 207 Misc. 490, 491, affd. 285 App. Div. 1164; and, for the converse situation, People v. Dias, 10 A D 2d 80, 92, affd. 8 N Y 2d 1061.)
For this reason I am disposed to affirm the order of the court below. There is, however, an additional reason to affirm, based upon more traditional grounds.
It seems that the defendant, in his counterclaim, seeks equitable as well as legal relief. In his third counterclaim (pars. Forty-second through Fifty-third) and in his ad damnum clause, the defendant sets out a cause of action for rescission based upon the false and fraudulent representations of the plaintiff and asks for money damages to make himself whole. It is well settled that a party may sue in equity to rescind a contract or transaction and in that action have full relief (24 N. Y. Jur., Fraud and Deceit, §§ 223, 224; CPLR 3002 (subd. [e]).
By joining an equitable counterclaim based upon the same transaction with other counterclaims, a defendant may, even unwillingly, waive his right to a jury trial. (Sue v. Homer, 15 A D 2d 729; Academy St. Realty Corp. v. Young, 25 A D 2d 435; CPLR 4102; see, also, ‘1 Effect of Counterclaim on Right to Trial by Jury”, Supplementary Practice Commentary of Prof. David D. Siegel, McKinney’s Cons. Laws of N. Y., Vol. 7B, Civil Practice Law and Rules, 4102 [1970 Supp.], p. 41, and 1958 Report of the Temporary Commission on the Courts, N. Y. Legis. Doc., 1958, No. 13, p. 221.) I hold that the defendant has done so in this case.
There still remains the question of whether the issues should be heard and determined by a Judge or by a Referee. A com *477 pulsory reference may not be ordered pro forma even if a case is triable before a Judge without a jury.
In Matter of Wilder v. Straus-Duparquet, Inc. (5 A D 2d 1), the First Department, holding that a reference in such case was improper, stated: “ [T]here is no justification in protracting the proceedings as is likely to occur on a reference, nor in imposing the attendant expense on the parties. The court is eminently capable of determining the issue expeditiously, cmd without extraordinary impingement on the regular business of the court.” (Id., pp. 2-3 [Emphasis supplied].)
Judge Patlow’s decision does not state the supporting basis for referring the case to a Referee to hear and determine although, for the reasons stated earlier, a strong inference is readily capable of being drawn that it was done to avoid any further “ extraordinary impingement on the regular business of the court.”
However, because a reference is an extraordinary procedure, the question of referral should be reconsidered so that the City Court may make a finding as to its reasons therefor. It should determine the question, in the light of what has gone before, whether at this time it can make an expeditious disposition of the claim and counterclaims here without the use of a Referee. If it finds that it cannot or should not, it would then seem that a reference to hear and report, pursuant to CPLR 4212, rather than one to hear and determine, should be the more appropriate disposition.
Order modified in accordance with this opinion, and as so modified, affirmed.

Dickens, Bleak House, ch. 1. — [Rep.