OPINION OF THE COURT
Joseph D. Mintz, J.
The proceedings herein arise from the construction of a hotel in downtown Buffalo. Plaintiff (Cowper, the general contractor) sued to collect money due on the construction contract and to foreclose its mechanic’s lien. The answer of the principal defendants, Buffalo Hotel Development Venture (BHDV, the owner) and Clement Chen, Jr. (Chen, the principal in BHDV and the architect), contains various defenses and counterclaims seeking not only the dismissal of the complaint, but a substantial money judgment in its favor based upon its claim of plaintiff’s breach of contract resulting from improper and faulty construction. All necessary parties have been joined. Plaintiff, with its proposed note of issue waiving a jury trial, by notice of motion, moved for determination that no jury trial was required or permitted. While somewhat unusual procedurally, the question has been raised and is properly before the court.
*351 It is the defendants’ position that they are entitled to a jury both statutorily and constitutionally on their counterclaims because they are legal or at least on those which are, in fact, legal as opposed to equitable.
Plaintiff may waive its right to a jury trial by the affirmative act of waiver contained in its note of issue or by joining equitable and legal claims arising from the same transaction in a single complaint. (CPLR 4102, subds [a], [c]; Sepinski v Bergstol, 81 AD2d 860; Kenford Co. v Erie County, 38 AD2d 781; Fritschy Corp. v Chase Manhattan Bank, 36 AD2d 600.) Further, plaintiff is not entitled to a jury in its lien foreclosure action. (Lien Law, § 45.)
It is equally clear that plaintiff’s waiver does not affect or vitiate defendants’ rights to a jury trial if timely and properly demanded or otherwise preserved. (See Gordon v Continental Cas. Co., 91 AD2d 987; Cilwick v Camelo, 55 AD2d 782; Marcus v Fabrikant, 81 AD2d 527.)
Since plaintiff has waived its right to a jury trial, if the defendants have properly preserved their right to a jury, then the defendants must be accorded their rights. If not, then both parties will have been deemed to have waived and there will be no jury trial.
Section 45 of the Lien Law empowers a court to determine all the issues involved in a lien foreclosure action, including those raised by defenses or counterclaims. The constitutionality of section 45 was upheld in S. Klein, Inc. v New Deal Bldg. Corp. (171 Misc 1058). (See, also, Fulmer v Sovocool, 26 AD2d 889; Birch Bldg. Corp. v Thorp., 274 App Div 888; Flanagan Constr. Corp. v Sol Cafe Mfg. Corp., 207 Misc 215; Blanc, Mechanic’s Liens, pp 711-713; Jensen, Mechanic’s Liens, § 424.)
The Klein and Birch cases were cited as authority in Lacey & Co. v Central School Dist. (38 AD2d 589), in affirming an unreported Suffolk County Supreme Court order. Said order denied defendant’s demand for a jury on the issues raised in the complaint, as well as the counterclaims, in a lien foreclosure action. There, defendant argued that plaintiff camouflaged its cause of action as lien foreclosure when, in actuality, it was a claim for money damages only. As the right to a jury trial depends on facts alleged in a complaint rather than demands for relief, *352 defendant argued that he was entitled to a jury trial as of right. The facts and arguments there were similar to the instant case, except that defendant made out a stronger argument for the inapplicability of the Lien Law based on facts peculiar to that case.
Thus, BHDV is not entitled to a jury on any issues involved in a lien foreclosure. Di Menna v Cooper & Evans Co. (220 NY 391) predated the 1929 amendment to the New York Lien Law, which created the existing section 45, and is therefore not controlling.
In reaching the above-mentioned conclusion, the court is aware of and has considered but has declined to follow for several reasons its Department’s pronouncement on the issue as enunciated in Parisi v Hubbard (226 App Div 280 [4th Dept, 1929]). That court interpreted said 1929 amend-' ment so as to empower the courts to determine all issues involved in lien foreclosures but not “to award judgment on legal claims existing between the parties” (p 284). Parisi is not only over 50 years old, but the authority for the interpretation above stated was cases which predated said amendment. Further, a review of the facts underlying Parisi indicates that the afore-mentioned “legal claims” were not related to the lien foreclosure. Based upon the aforesaid review, this court’s decision is not in conflict with the Parisi determination.
Pursuant to CPLR 4102 (subd [c]), plaintiff urged that BHDV interposed two equitable counterclaims: the seventh being for damages resulting from the filing of a mechanic’s lien, and the ninth being for damages resulting from the willful exaggeration of said lien. By thus joining equitable counterclaims with eight legal counterclaims, plaintiff argued that BHDV waived its right to a jury.
The above-mentioned counterclaims, from the court’s point of view, are not properly deemed equitable simply because there is no jury permitted, but more properly fall within the purview and the rule of the statutory denial of a jury trial pursuant to section 45 of the Lien Law previously discussed.
BHDV, on argument, agreed with the court that it had interposed only one purely equitable counterclaim (as opposed to Lien Law statutory counterclaims mentioned *353 above), to wit, its third claiming damages for unjust enrichment. BHDV nevertheless argued that pursuant to the provisions of CPLR 4102 (subd [c]), said unjust enrichment related to “a separate transaction”, and, therefore, fell within the waiver exception of CPLR 4102 (subd [c]). That counterclaim, in substance, alleges that plaintiff removed property (concrete forms and tools which belonged to BHDV) from BHDV’s construction site to a construction site not owned by BHDV but at which plaintiff also had a contract, and plaintiff substantially profited and was unjustly enriched thereby.
CPLR 4102 (subd [c]) provides that a party does not waive its right to a jury on a claim in law by joining it with a claim in equity so long as said claim in equity is based on a separate transaction. Separate has been defined as independent and unrelated. (Mishler v Mishler, 41 Misc 2d 471; Siegel, NY Prac, p 491.) An examination of the facts as alleged leads this court to conclude that contrary to BHDV assertion, the claim for unjust enrichment did not relate to a separate transaction. It may be independent, but it is certainly not unrelated. Therefore, by joining its equitable counterclaim with its legal counterclaims, all arising from the same transactions, BHDV waived its right to a jury. (Chemical Bank v Summers, 67 AD2d 856; Sue v Homer, 15 AD2d 729; Clark v Garth, 67 Misc 2d 473.)*
Even assuming, arguendo, that the unjust enrichment counterclaim falls within the separate transaction exception, the same conclusion would nevertheless be reached in that in matters of statutory interpretation involving conflicting provisions of separate statutes, the specific statute in this situation, section 45 of the Lien Law, must prevail over the more general statute, in this instance, CPLR 4102 (subd [c]).
It is noted that Spiegel & Sons Oil Corp. v Tallering (259 NYS2d 616) does not advance BHDV’s position. There, plaintiff sued at law, defendant counterclaimed in equity, *354 and the court held that defendant had not waived its right to a jury on the issues in plaintiff’s action that were not encompassed by the counterclaim. (See, also, Seneca v Novare, 80 AD2d 909.)
Furthermore, this court is not convinced that plaintiff’s seventh cause of action is fatally defective, thereby rendering this lawsuit an action at law to which BHDV is entitled to a jury. In today’s era of liberal pleadings, mere technical defects are not sufficient to defeat what otherwise appears to be a valid cause of action. In addition, since subdivision 2 of section 12-a of the Lien Law empowers a court to amend a notice of lien nunc pro tune so long as no parties are prejudiced thereby, then certainly in that same spirit, a court has authority to overlook a mere technical pleading defect. (See Jensen, Mechanic’s Liens, § 392.)
In reaching the afore-mentioned conclusion, this court has not considered and has not decided the jury issue in the proceeding involving John W. Cowper Co. as third-party plaintiff against Clemen Chen, Jr., doing business as Clement Chen Associates and De Simone & Chaplin, Consulting Engineers, P. C., in that there is presently pending before this court a motion by third-party defendant De Simone & Chaplin for dismissal. After argument and determination of that motion, the issue of a jury trial, in the event said motion fails, will be addressed and decided.

 In the Advisory Committee Notes following CPLR 4101, it is stated “there is no constitutional right to trial by a jury of a counterclaim.” (Cons Laws Serv, NY Stats, vol 41, p 73.) Further, in the Advisory Committee Notes following CPLR 4102, referring to subdivision (c) it is stated “It is possible to avoid difficulty by eliminating the concept of waiver from the area of joined claims. Where legal and equitable claims arise from the same facts, the waiver doctrine is unnecessary because there is no constitutional right to jury trial”. (Cons Laws Serv, NY Stats, vol 41, p 86.)