OPINION OF THE COURT
Edward M. Horey, J.
The motion before the court is for renewal of a mechanic’s lien under the provisions of Lien Law § 17.
In Carl A. Morse, Inc. v Rentar Indus. Dev. Corp., our Court of Appeals in 1978 by a 6 to 1 decision affirmed the interpretation and conclusion of constitutionality of the New York Lien Law as that law had been construed by the Appellate Division, Second Department, in a 3 to 2 decision. (See respectively, 43 NY2d 952, affg by a divided court the opinion for the majority in the Appellate Division reported in 56 AD2d 30.)
In issue in Carl A. Morse, Inc. v Rentar Indus. Dev. Corp. (supra) was the question of constitutional due process as a consequence of the absence of any provision for notice to the property owner before the mechanic or materialman could file the statutory mechanic’s lien in the first instance.
In hotly contested litigation with excellent dissenting opinions, the majority of appellate Justices and Judges noted that *286 a mechanic’s and materialman’s lien originated in the necessity of protecting the construction industry and those in its employ. They determined that in the light of the vulnerability of workmen to lose compensation for the labor and materials they had furnished, " '[t]here must be some procedure for the interim protection of contractors * * * against subsequent bona fide purchasers between the time he completes the work and the time [that] he gets a judgment.’ ” (56 AD2d 30, 37, supra.)
They stated that the New York Lien Law: "does nothing more than to impinge upon the economic interests of the owner, and in this connection it is important to note that: (1) while the value of the property may be diminished by the amount of the lien, the improvements, at least theoretically, have increased the value of the property by the amount of the lien, thus minimizing the harm; (2) the lienor is required to state, specifically and under oath, the facts giving rise to his lien (Lien Law, § 9); (3) the owner may discharge the lien by depositing the amount of the lien into court, or by posting a bond (Lien Law, §§ 19, 20, 37); and (4) the owner can compel an expeditious determination on the merits, without cost to him, by demanding that the lien be foreclosed, or the lienor 'show cause * * * why the notice of lien * * * should not be vacated’ upon a 30-day notice (Lien Law, § 59). Moreover, in no event can the lien remain in force for a period in excess of one year from the date of filing 'unless within that time an action is commenced to foreclose the lien * * * or unless an order be granted * * * by a court of record or a judge or justice thereof, continuing such lien’ (Lien Law, § 17).” (56 AD2d 30, 35-36, supra.)
The majority of appellate Justices and Judges concluded that "in recognition of the * * * minimal intrusion which results from the filing of a mechanic’s lien * * * that due process of law * * * does not require prior notice or the opportunity to be heard” (56 AD2d 30, 36, supra). They stated that they were "of the opinion that the filing of a mechanic’s lien does not result in the deprivation of any 'significant property interest’ * * * and, moreover, that the procedural safeguards incorporated into our present statute (Lien Law, § 3 et seq) '[effect] a constitutional accommodation of the conflicting interest of the [several] parties’ ” (56 AD2d 30, 36, supra).
Presented now to this court is a motion to renew an existing mechanic’s lien. It has been brought within the statutory time *287 period of one year since the filing of the lien and thus is timely. The motion however is made ex parte by the lien-holder without prior notice to the owner-lienee. Raised for decision is the question of whether or not a motion may be made for renewal of a mechanic’s lien without notice.
It is clear that the language of the statute does not expressly require notice as a condition for renewal. Lien Law § 17 provides that a mechanic’s lien will not remain in force or effect for a period in excess of one year from the filing unless one of two events occur, viz., (1) "[U]nless within that time an action is commenced to foreclose the lien,” or (2) "[U]nless an order be granted * * * by a court of record or a judge or justice thereof, continuing such lien”.
An exhaustive research on the requirement of notice for renewal of a mechanic’s lien discloses only four prior decisions where the issue was mentioned.
In Matter of Lycee Francais de N. Y. v Calagna (26 Misc 2d 374 [Sup Ct, NY County 1960]) the court stated concerning renewal of lien: "The statute does not require notice. Whether or not the order is to be granted is discretionary with the court and will depend upon the rights of the parties to be affected or preserved” (26 Misc 2d 374, 380, supra; italics added). The authority cited for the quoted holding was Matter of Gould Coupler Co. (79 Hun 206).
Recourse to the decision of Matter of Gould Coupler Co. (supra) discloses that it was a decision made by the Fifth Department at its June Term of 1894. Referring to the applicable lien statutes providing for renewal of a mechanic’s lien the court stated: "Neither of the statutes prescribing an order of the court defines the case which must be made in order to obtain it. It must be sufficient if it move the court; in the exercise of a reasonable discretion, to interpose for the preservation of the rights of the parties” (79 Hun 206, 209, supra; italics added). The court then noted that within one year of the filing of the lien in issue the lienor had commenced an action at law on the underlying contract, because the lienor believed, erroneously, that he could bring that action to judgment quicker than to try to enforce the lien in an action in equity. The court then held that commencement of the action at law did not affect the lienor’s right to apply for an extension of lien and accordingly ordered an extension.
Still earlier in 1875, the Court of Appeals in Darrow v Morgan (65 NY 333, 338) stated of prior orders for continu *288 anee of a mechanic’s lien the following: "These orders of continuance were all granted ex parte without notice to the owner. They are not for this reason void, even if irregular, and on that account liable to be set aside. The statute requires no notice to be given. The order creates no new liability; and hence no notice is necessary, unless the court to which an application for an order is made should require one to be given.” (Italics added.)
The court went on to note that the action in issue had been brought to foreclose the lien before the last continuance had expired. It held that the subsequent expiration of the lien did not deny the court jurisdiction to proceed with the foreclosure action and impose a personal judgment against the defendant, lienee. It was sufficient that the lien was in effect at the commencement of the action of foreclosure.
In Welch v Mayor of N. Y. (19 Abb Prac 132 [1865]) the court was presented with the issue of whether or not a lien should be continued if the lienor had commenced an action but not concluded it before the term of the lien elapsed. Under the terms of the Lien Law then in force the court held that the lien could only be continued by an order of the court and consequently held that the motion brought ex parte should be granted. This decision of course is predicated on a statute which as construed would have terminated the lien despite the fact that an action to foreclose it had commenced. This facet distinguishes the case from subsequent decisions and also from the present Lien Law.
All that we learn from the statements in the earlier decisions noted is that there is no explicit statutory requirement of notice upon a motion to renew a mechanic’s lien. None of the cases noted analyzed the purposes of the statute or determined the issue of constitutional due process which were considered in Carl A. Morse, Inc. v Rentar Indus. Dev. Corp. (56 AD2d 30, affd 43 NY2d 952, supra). The case closest to treatment of that issue was Darrow v Morgan (65 NY 333, supra). There the Court of Appeals opined by obiter dicta that prior continuances without notice were not "void” but may have been "irregular”. What the earlier decisions concerned themselves with was the situation wherein an action was brought while the lien was in force but subsequently expired before trial was had. The courts sought desperately by construction of the existing statutes to preserve the lien in those instances.
*289 Under present Lien Law § 17 the commencement of the action and the filing of lis pendens automatically continues the lien. The earlier cases were so involved with the preservation of the lien after timely action was brought that the requirement for notice on a motion to extend a mechanic’s lien does not appear to have yet been determined. There appears to be presented a matter of first impression. The number of motions for renewal lends importance to the issue.
In connection with the construction of the New York Lien Law we are instructed by Griffin, Mechanic’s Liens that while the statute "must receive a liberal construction to secure the beneficial purposes which the Legislature had in view, it cannot be extended to a state of facts not fairly within its general scope and purview”. (Griffin, Mechanic’s Liens § 3 [d], at 6.) To the same effect generally is Lien Law § 23.
In the light of the purposes to be accomplished this court has no difficulty or hesitancy in accepting the construction placed upon the Lien Law by the majority of appellate Justices and Judges in Carl A. Morse, Inc. v Rentar Indus Dev. Corp. (56 AD2d 30, affd on majority opn of App Div, 2d Dept 43 NY2d 952, supra).
However, it is noted that insofar as permitting an initial filing of a mechanic’s lien ex parte and without notice to the owner, the statute barely passed constitutional muster. It was only because of the need for immediate action to fulfill the remedial purposes of the statute and the fact that the lien imposed was of a minimal duration that the courts held it to be a valid constitutional accommodation of the conflicting interests of the parties. (See, 56 AD2d 30, 36, supra.)
Once the lien has been filed and the purpose of the statute fulfilled by securing to the mechanic and materialman his protective interest in the property enhanced by labor and materials furnished, what reason is there to support further ex parte action without notice? In the opinion of this court, there is none. The exigency having passed so should the exception to notice.
Further, all who have considered the matter are agreed that it is at least discretionary with the court whether or not a lien is to be extended. We are instructed and properly so that whether the discretion is to be exercised or not is to "depend upon the rights of the parties to be affected or preserved” (Matter of Lycee Francais de N. Y. v Calagna, 26 Misc 2d 374, 380, supra). How can any court pass upon the rights of parties *290 unless the parties are before the court to advise as to how their respective rights are to be affected and/or preserved? In the opinion of this court it cannot be done.
It was "the procedural safeguards incorporated into our present statute” that were held to effect an accommodation of the conflicting interest of the parties to a mechanic’s lien. (Carl A. Morse, Inc. v Rentar Indus. Dev. Corp., 56 AD2d 30, 36, affd 43 NY2d 952, supra.) Certain it is that if the lienor opts to foreclose his lien within the initial one-year period by the commencement of an action, the lienee is notified by the summons and complaint. But in the instance of an extension by motion without a requirement of notice to the property owner-lienee with the concomitant right to be heard, it is the opinion of this court that there is no procedural safeguard to insure that the rights of the parties are protected. This deficiency takes on dimension when it is considered that the number of yearly renewals are unlimited. In theory the lien may be renewed ad infinitum.
Finally, in his usual excellent analytical treatment of the CPLR, Professor David D. Siegel states in his Practice Commentaries to CPLR 2211 the following: "The only time a party should make a motion ex-parte is where law expressly authorizes him to do so in the specific instance.” (McKinney’s Cons Laws of NY, Book 7B, CPLR C2211:6, p 32 ["When Motion May Be Made Ex-Parte”].)
Accordingly, this court holds that Lien Law § 17, silent on the right to proceed ex parte, implicitly contains a requirement of notice to the property owner-lienee when motion is made to continue a mechanic’s lien past the initial one-year period.
The motion for continuance of the mechanic’s lien is denied until due and timely service of the notice of motion seeking the same is served upon the lienee, St. Bonaventure University.